UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: EXPRESS COURIER INTERNATIONAL, INC.,
FAIR LABOR STANDARDS ACT (FLSA) AND
WAGE AND HOUR LITIGATION                                   MDL No. 2854


ORDER DENYING TRANSFER


**Before the Panel:**[*] All plaintiffs move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Middle District of Tennessee or, alternatively, the Southern District of Texas. Defendants Express Courier International, Inc. d/b/a LSO Final Mile and EMP LSO Holding Corp. (together, "Express") oppose the motion. This litigation consists of thirteen actions pending in thirteen districts, as listed on Schedule A.

Plaintiffs, current or former courier drivers for Express, allege that they were misclassified by Express as independent contractors under the Fair Labor Standards Act ("FLSA") and seek as damages unpaid overtime and/or minimum wages. Plaintiffs bring their claims on an individual basis, following the decertification of a collective class action in the Western District of Arkansas. *See Harris v. Express Courier Int'l, Inc.*, C.A. No. 5:16-5033, 2017 WL 5606751 (W.D. Ark. Nov. 21, 2017).

On the basis of the papers filed and hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. All actions do involve questions of fact as to the classification of Express couriers as independent contractors, as well as about whether Express denied plaintiffs minimum and overtime wages under the FLSA. The thirteen actions pending encompass the claims of more than 750 plaintiffs.

Despite the overlap in plaintiffs' allegations and the number of pending claims, we are not convinced that centralization will deliver significant benefits in terms of enhancing the efficient conduct of these actions or the convenience of the parties. The determination of whether an individual is an employee or an independent contractor requires an individualized inquiry involving multiple factors. The Panel has found that centralization of wage and hour litigation is less appropriate where it would involve significant localized discovery.[1] In granting defendants' motion

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] *See In re: CVS Caremark Corp. Wage & Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 79 (J.P.M.L. 2010) (discussing three broad circumstances in which centralization wage and
(continued...)

-2-

for decertification in *Harris*, the Western District of Arkansas found it "quite clear" that Express's "treatment of its couriers varied so greatly, from location to location, and even from courier to courier." *Harris*, 2017 WL 5606751, at *6.

While we are not bound by the court's decertification order, its findings persuade us that centralization is not necessary to prevent duplicative discovery. Given the advanced stage of the *Harris* action and the complete overlap of counsel in all actions, it does not appear that much further discovery is necessary, aside from plaintiff-specific discovery. And the discovery produced in *Harris* can be used by the parties to all actions. Plaintiffs argue that centralization is necessary to ensure an efficient discovery schedule. But we have emphasized that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re: Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). While, as plaintiffs argue, thirteen courts are not obligated to adopt a discovery schedule agreed to by the parties, the parties should attempt such informal means of coordination before resorting to Section 1407 centralization.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
Ellen Segal Huvelle        R. David Proctor
Catherine D. Perry

---

[1](...continued)
hour litigation is less compelling: (1) when the duties of the subject employees appear subject to significant local variances or would entail significant localized discovery; (2) when the defendants and/or some of the plaintiffs oppose centralization; and (3) when only a few actions or procedurally dissimilar actions are involved in the litigation).

**IN RE: EXPRESS COURIER INTERNATIONAL, INC.,
FAIR LABOR STANDARDS ACT (FLSA) AND
WAGE AND HOUR LITIGATION** MDL No. 2854

## SCHEDULE A

Northern District of Alabama

BASCOMB, ET AL. v. EXPRESS COURIER INTERNATIONAL, INC., ET AL.,
C.A. No. 2:18-00064

Eastern District of Arkansas

BARNETTE, ET AL. v. EXPRESS COURIER INTERNATIONAL, INC., ET AL.,
C.A. No. 4:18-00004

Northern District of Florida

MARSHALL, ET AL. v. EXPRESS COURIER INTERNATIONAL, INC., ET AL.,
C.A. No. 4:18-00048

Northern District of Georgia

RYTE, ET AL. v. EXPRESS COURIER INTERNATIONAL, INC., ET AL.,
C.A. No. 1:18-00186

Western District of Kentucky

BELL, ET AL. v. EXPRESS COURIER INTERNATIONAL, INC., ET AL.,
C.A. No. 5:18-00011

Eastern District of Louisiana

CARTER, ET AL. v. EXPRESS COURIER INTERNATIONAL, INC., ET AL.,
C.A. No. 2:18-00156

Eastern District of Missouri

BARBER, ET AL. v. EXPRESS COURIER INTERNATIONAL, INC., ET AL.,
C.A. No. 4:18-00010

- A2 -

**MDL No. 2854 Schedule A (Continued)**

      Northern District of Mississippi

CAMPBELL, ET AL. v. EXPRESS COURIER INTERNATIONAL, INC., ET AL.,
    C.A. No. 3:18-00011

      Western District of North Carolina

ALLEN, ET AL. v. EXPRESS COURIER INTERNATIONAL, INC., ET AL.,
    C.A. No. 3:18-00028

      Northern District of Oklahoma

NICKS, ET AL. v. EXPRESS COURIER INTERNATIONAL, INC., ET AL.,
    C.A. No. 4:18-00030

      District of South Carolina

BRANDON, ET AL. v. EXPRESS COURIER INTERNATIONAL, INC., ET AL.,
    C.A. No. 3:18-00128

      Middle District of Tennessee

ACKLIN, ET AL. v. EXPRESS COURIER INTERNATIONAL, INC., ET AL.,
    C.A. No. 3:18-00028

      Southern District of Texas

ARROYO, ET AL. v. EXPRESS COURIER INTERNATIONAL, INC., ET AL.,
    C.A. No. 4:18-00010